

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | |
|---|---|
| **JAMES E. ALLEN,**<br>No. A15306<br><br>Petitioner,<br><br>v.<br><br>**CHANCE JONES,**<br><br>Respondent, | No. 24 CV 5745<br><br>The Honorable<br>Jeremy C. Daniel,<br>Judge Presiding <br><br>**FILED**<br><br>MAR 31 2025<br><br>THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT<br>MN |

## OPPOSITION TO THE STATE'S MOTION TO STAY

Petitioner, James E. Allen, *pro se*, respectfully requests that this Court deny the State's

Motion to Stay his Habeas Corpus Petition. The motion should be denied on multiple grounds: it

lacks merit, is legally inconsistent, and granting the stay would unjustly delay the resolution of

Petitioner's constitutional claims.

### I. Actual Innocence Claims Are Not Cognizable Under Federal Law

The State is not entitled to a stay while Petitioner exhausts his state free-standing claim

of actual innocence, because such a claim is not recognized as a valid federal claim. In *Rapoza v.*

*Walker*, No. C 08-5616 WHA (PR), the court explicitly held that a free-standing claim of actual

innocence cannot serve as the basis to stay habeas proceedings while a petitioner exhausts his state

remedies. The court stated, "Petitioner's free-standing claim of actual innocence is not cognizable,

and consequently, under *Rhines*, petitioner is not entitled to a stay while he exhausts such a

claim." (See Attachment).

## II. The State's Request is Legally Inconsistent

Initially, the State relied on *Rapoza* in its motion to seek dismissal, rather than a stay. However, following Petitioner's opposition, the State has reversed course and now seeks a stay. Apparently, the State now wants this Court to disregard *Rapoza* since it no longer serves the State's interests. This shift in position is not only inconsistent but also legally flawed, as the State is attempting to delay proceedings based on a claim that is not cognizable under federal law. Furthermore, the State's earlier reliance on *Rapoza* shows that it recognized the non-cognizability of the claim and understood it could not justify a stay. Thus, the request for a stay is both meritless and frivolous.

## III. Granting a Stay Would Violate Principles of Fairness and Judicial Economy

Granting a stay based on a non-cognizable claim would be fundamentally unfair and contrary to the principles of impartiality. Since Petitioner is not entitled to a stay because his state claim is not cognizable, the same reasoning must apply to the State. Justice requires consistency and fairness, which would be undermined by granting the State's motion for a stay.

Moreover, a stay would only serve to delay the resolution of constitutional violations that require immediate federal review. Prolonging Petitioner's detention amid potential constitutional violations is unjust and exacerbates the harm caused by his continued incarceration, particularly Petitioner's physical and mental health. Additionally, the State's claim that a stay would promote judicial economy is unfounded. Federal and state courts serve distinct functions—while state courts may review substantive issues of actual innocence under state law, federal courts are tasked with assessing constitutional issues, including procedural fairness and the legality of detention.

These functions are not duplicative. Delaying federal review of Petitioner's habeas claims only prolongs the process without valid justification.

Furthermore, the State's speculative claim that state proceedings would be more expedient than federal review ignores the reality of Petitioner's history of protracted state post-conviction proceedings, which have already caused significant harm.

## IV. Federalism, Comity, and Judicial Economy Do Not Justify a Stay

Federalism, comity, and judicial economy offer no valid justification for staying federal habeas proceedings when the state's claim of actual innocence is not cognizable under federal law. While federalism may encourage deference to state courts, it cannot supersede the petitioner's constitutional right to a timely federal review, especially when the claim does not raise a federal constitutional issue. Comity, which promotes respect for state court rulings, is irrelevant when the state claim lacks any federal standing. Likewise, judicial economy, which aims to avoid unnecessary duplication, cannot support a stay when the claim is fundamentally devoid of a federal foundation. The State's reliance on these principles is fundamentally flawed, as none of them provide a legitimate reason to postpone federal review.

Moreover, in light of the precedents set forth in *Felder v. Casey* and *Harris v. Reed*, federalism and comity do not justify a stay or dismissal of a claim of actual innocence when that claim is not cognizable under federal law. As established in *Felder*, when a state procedural rule impedes access to a federal forum for the adjudication of a constitutional claim, federal courts should not be constrained by state procedural bars. Similarly, *Harris* reinforces that federal courts have the authority to review claims involving constitutional violations, irrespective of state procedural defenses. Given that the claim of actual innocence is not cognizable under federal law,

these principles should not prevent the federal court from addressing the constitutional issue at hand. Federalism and comity considerations cannot bar review when the claim involves a matter of federal constitutional right. See *Felder v. Casey*, 487 U.S. 131, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988), and *Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1990).

Additionally, The State's position regarding these principles is inherently contradictory and reflects a lack of consistency in its arguments. On one hand, the State asserts that the interests of comity will be served by delaying the Petitioner's case, urging the Court to defer to state proceedings and allow them to run their course. On the other hand, the State simultaneously argues that this Court should disregard the principle of comity entirely by insisting the court give no deference to the State's own findings, particularly its determination that the Petitioner made a colorable claim of actual innocence.

Further, if the State were genuinely concerned about judicial economy, it would not burden the courts with frivolous filings. A motion for a stay based on a meritless claim is an unnecessary diversion of judicial resources. Judicial economy is best served when courts are not inundated with motions that lack a substantive legal foundation. The principles of judicial economy demand that courts focus their time and effort on claims that have merit and are justiciable, not on baseless or speculative arguments that only serve to prolong the litigation process. The State's pattern of seeking continuances further exacerbates delays and places an undue strain on the judicial system. These repeated requests for continuances only prolong the proceedings without advancing any legitimate legal argument, further wasting valuable court time. By granting a stay based on an unfounded claim and allowing these delays to continue, the courts would not be promoting efficiency or fairness. Instead, they would be encouraging further delays, undermining the very principle of judicial economy the State claims to prioritize.

# V. The Suspension Clause Bars a Stay of Habeas Proceedings

The Suspension Clause in Article 1, Section 9 of the U.S. Constitution states: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when, in Cases of Rebellion or Invasion the public Safety may require it." This clause ensures that the right to habeas corpus is not suspended, except in extreme situations like rebellion or invasion. There is no such emergency in this case, and the State's request for a stay is an attempt to unlawfully suspend Petitioner's right to a timely federal review. The Suspension Clause precludes such a delay, as it guarantees the right to habeas corpus except in the rarest of circumstances.

# VI. Prejudice to Petitioner

A stay would prejudice Petitioner by extending his period of incarceration and potentially diminishing the quality of evidence available for the federal review. Witnesses may become unavailable, memories may fade, and documents may be lost or destroyed. The continued delay in reviewing Petitioner's federal claims would result in an unjust situation where constitutional violations go unaddressed due to procedural stasis. The federal court should not allow the Petitioner to be caught in a procedural quagmire, where his right to challenge his detention is subordinated to the state process.

Further, the federal court should not defer its review based on the State's pursuit of a non-cognizable state claim. Petitioner has already endured years of delay in post-conviction proceedings, and the ongoing toll on his health and well-being demands timely resolution. The interests of justice are best served by allowing Petitioner's claims to be reviewed expeditiously.

## Conclusion

For the reasons stated above, Petitioner respectfully requests that this Court deny the

State's Motion to Stay his Habeas Corpus Petition. Because Petitioner's claim is not a cognizable

federal claim, the State is not entitled to a stay as a matter of law. The State's argument is without

merit, and granting the stay would only serve to unjustly delay the review of Petitioner's

constitutional claims. The Suspension Clause of the U.S. Constitution guarantees the right to

habeas corpus, which may only be suspended in the most extreme circumstances—none of which

are present here. Delaying federal review would violate Petitioner's constitutional right to a timely

adjudication. Therefore, this Court should allow the case to proceed without further delay.

Respectfully Submitted,

/s/ James E. Allen
Petitioner

James E. Allen, A15306
P.O. Box 99
Pontiac, IL 61764

1

2

3

4

5

6 IN THE UNITED STATES DISTRICT COURT

7

8 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 EDDIE RAPOZA,                                    No. C 08-5616 WHA (PR)

11          Petitioner,                            **ORDER DENYING MOTION FOR**
                                                   **STAY; GRANTING EXTENSION OF**
12 v.                                              **TIME**

13 JAMES WALKER, Warden,

14          Respondent.                            (Docket Nos. 12 & 13)
   _____/

15

16          This is a habeas case filed pro se by a state prisoner.  Respondent was ordered to show

17 cause why the petition should not be granted based on five cognizable claims.  Respondent has

18 filed an answer and supporting papers denying the claims.  Petitioner moves for a stay of

19 proceedings to allow him to exhaust a claim in state court.  He has also filed a motion for an

20 extension of time to file a traverse.

21          The United States Supreme Court has held that district courts have authority to stay

22 mixed petitions to allow exhaustion.  *Rhines v. Webber*, 125 S.Ct. 1528, 1535 (2005).  Such

23 stays can, however, only be granted upon a showing of good cause for petitioner's failure to

24 exhaust the issues before filing the federal petition, and a showing that the issues which the

25 petitioner proposes to exhaust are "potentially meritorious." *Id.*

26          Petitioner indicates that he would like to exhaust a claim that there was exculpatory

27 testimony by an eyewitness named Michael Zerbe that was never presented at trial.  Petitioner

28 argues that Zerbe's testimony is new evidence that establishes his actual innocence.  "Claims of

**United States District Court**
For the Northern District of California


AUTHENTICATED
U.S. GOVERNMENT
INFORMATION
GPO

United States District Court
For the Northern District of California

1   actual innocence based on newly discovered evidence have never been held to state a ground for

2   federal habeas relief absent an independent constitutional violation occurring in the underlying

3   state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see Coley v.*

4   *Gonzalez*, 55 F.3d 1385, 1387 (9th Cir. 1995) (free-standing claim of actual innocence not

5   cognizable basis for federal habeas relief).  Petitioner's free-standing claim of actual innocence

6   is not cognizable, and consequently, under *Rhines*, petitioner is not entitled to a stay while he

7   exhausts such a claim.  To the extent petitioner claims that trial counsel was ineffective in

8   failing to present Zerbe's testimony, such a claim has already been included in the petition,

9   identified in the order to show cause, and addressed by respondent on its merits.  As respondent

10  does not contend that this claim has not been exhausted, there is no need for petitioner to

11  exhaust such a claim further, or to obtain a stay for that purpose.  Accordingly, petitioner's

12  motion for a stay (docket number 12) is **DENIED**.

13       Good cause appearing, petitioner's request for an extension of time in which to file a

14  traverse (docket number 13) is **GRANTED**.  The deadline for filing a traverse is **December 31,**

15  **2009**.  No further extensions of time will be granted.

16       **IT IS SO ORDERED.**

17  Dated: November _____20_____, 2009.

18                                           WILLIAM ALSUP
                                             UNITED STATES DISTRICT JUDGE
19

20

21

22

23

24

25

26

27

28  G:\PRO-SE\WHA\HC.08\RAPOZA5616.STAY-DENY.wpd